PEOPLES BANK AND TRUST COMPANY v. F. E. DUNCAN ET AL.

(Filed 14 December, 1927.)

**1. Bills and Notes — Government — Illegal Contracts — Consideration — Statutes.**

Under the provisions of the Federal Statute, a contract for the carrying of the United States mail is not assignable, and in an action brought upon a note given in part consideration of such assignment this may be shown as a failure of consideration, except as against a holder for value, in due course, without notice. C. S., 3008.

**2. Same—Evidence—Holder in Due Course—Instructions—New Trials— Appeal and Error.**

To become a holder of a negotiable instrument in due course, it is required (C. S., 3033), that the purchaser must have acquired it without notice of the infirmity in the instrument, and where there is evidence on the trial of the action that he had such notice, the question is for the determination of the jury under correct instructions from the judge, and a failure to instruct thereon is reversible error.

APPEAL by defendants from *Moore, J.,* at Spring Term, 1927, of
WATAUGA. New trial.

*T. C. Bowie and C. W. Higgins for appellants.*

ADAMS, J. The plaintiff brought suit to recover the amount alleged
to be due on two promissory notes, each in the sum of $250, dated
4 November, 1924, due respectively six and twelve months after date.
The notes. were executed and delivered to James Lovell by F. E. Duncan
in part payment of an agreed price for Lovell's transfer and assign-
ment of his contract with the Postoffice Department for transporting the
mail between Boone and Lenoir. It was alleged that the defendant
Hodges was one of the makers and that the defendants Heller and
Lovell were indorsers. The plaintiff claimed to be the holder of the
notes in due course.

Mail contracts are not assignable. "No contractor for transporting
the mail within or between the United States and any foreign country
shall assign or transfer his contract, and all such assignments or trans-
fers shall be null and void." R. S., 3963, Compiled Statutes, 7451,
8 Fed. Stat. Ann., 3963. As the assignment was void, the contract
between Lovell and Duncan was not supported by a sufficient considera-
tion. It is provided by statute that absence or failure of consideration
is matter of defense against any person not a holder in due course.
C. S., 3008. A holder in due course is one who has taken the instru-
ment on condition that it was complete and regular upon its face; that
he became the holder before it was overdue and without notice of any
previous dishonor; that he took it for good faith and value, and with-
out notice of any infirmity in the instrument or defect in the title at
the time it was negotiated. C. S., 3033. The jury was given this
instruction: "The evidence is that they (the plaintiffs) bought the notes
in a few days after they were given, and before they were due, and
before they were dishonored, and that they paid value for them, and
you will answer the issue Yes in the sum of $500 with interest from the
time the notes became due, if you find that to be true." This instruc-
tion omits the chief contention upon which the defendants relied—
that is, that the plaintiff at the time it negotiated the notes had notice
of the infirmity in the contract and the consequent failure of considera-
tion. There was distinct evidence in support of this contention. Lovell
testified: "On or about the day I received these notes from Mr. Duncan
I took them to the plaintiff's bank and asked the cashier if the bank
would cash them for me. At this time I told him that the notes had
been given to me by Mr. Duncan in part payment of my star mail route
contract and described my transaction with Mr. Duncan substantially

as I have already described it in this deposition." Similar error was committed in excluding the proposed testimony of Duncan to the same effect. The notes are not set out in the record, but we have assumed that they were negotiable. For the error complained of there must be a
New trial.